UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60548-CIV-COHN/SELTZER

DR. MASSOOD JALLALI,

       Plaintiff,

v.

NATIONAL BOARD OF OSTEOPATHIC
MEDICAL EXAMINERS, INC., and
ANTHONY SILVAGNI,

       Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

**THIS CAUSE** is before the Court on Plaintiff Dr. Massood Jallali's Motion to Strike Defendant National Board of Osteopathic Medical Examiners, Inc.'s ("NBOME's") Motion to Dismiss and Motion to Declare Plaintiff Vexatious [DE 42] ("Motion to Strike"). The Court has considered the Motion to Strike, NBOME's Response [DE 44], Plaintiff's Reply [DE 47], and the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff filed this action on March 28, 2012 and amended his Complaint on April 30, 2012. See Complaint [DE 1]; Amended Complaint [DE 20]. Thereafter, NBOME filed a Motion to Dismiss Plaintiff's Amended Complaint [DE 36] and a Motion to Declare Plaintiff a Vexatious Litigant [DE 38] (together, "NBOME's Motions"). On May 29, 2012, Plaintiff filed the instant Motion to Strike, requesting that the Court strike NBOME's Motions under Federal Rule of Civil Procedure 12(f) and impose sanctions on NBOME pursuant to Federal Rule of Civil Procedure 11(c)(3).

## II. DISCUSSION

Neither Rule 12(f) nor Rule 11(c)(3) supports the relief Plaintiff seeks in his Motion to Strike.  Therefore, in accordance with the discussion below, the Motion to Strike will be denied.

### A. Rule 12(f)

Rule 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). "'A motion to strike is a drastic remedy,' which is disfavored by the courts."  Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)).  By its plain language, Rule 12(f) only permits courts to strike material contained in "a pleading."  See Fed. R. Civ. P. 12(f).  Rule 7(a) defines pleadings as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim;(4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 7(a).

The filings that Plaintiff seeks to strike are motions.  Such filings are not "pleadings" within the definition of Rule 7(a).  See id.  In fact, Rule 7 specifically distinguishes "pleadings" from "Motions and Other Papers."  Compare Fed. R. Civ. P. 7(a) ("Pleadings") with Fed. R. Civ. P. 7(b) ("Motions and Other Papers").  Therefore, the Court will deny Plaintiff's Motion to Strike under Rule 12(f) because the motions he seeks to strike are not "pleadings."  See Jallali v. Am. Osteopathic Ass'n, Case No. 11-60604-CIV, 2011 WL 2039532 (S.D. Fla. May 25, 2011) (denying Plaintiff Jallali's Rule 12(f) motion to strike language from a motion to dismiss).

## B. Rule 11(c)(3)

Rule 11(c)(3) provides, "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Rule 11(b) states, in pertinent part, as follows:

> By presenting to the court . . . a written motion . . . , an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Plaintiff asks the Court to sanction NBOME by striking NBOME's Motions under this rule because, he alleges, "NBOME makes allegations in the pleadings which rise to the level of fraud-on-the-court." Mot. at 2. After review of NBOME's Motions and NBOME's Response to the instant Motion to Strike, the Court finds that NBOME's Motions are not "designed to mar Plaintiff's reputation through personal attacks, . . . lined with fraudulent claims, . . . [or] written in a style designed to complicate (rather than simplify) the judicable task of adjudicating cases presented for adjudication," as Plaintiff suggests. See Reply at 6. Rather, Plaintiff has not shown any reason why the Court should sanction NBOME under Rule 11 based on NBOME's Motions. Therefore, the Court declines to grant Plaintiff relief under Rule 11.

The Court recognizes that Plaintiff disagrees with NBOME's Motions and the statements contained therein, but "[t]o object to the substance contained in a motion, the opposing party should raise such objections in the material it submits in opposition to the motion, rather than in a motion to strike." Croom v. Balkwill, 672 F. Supp. 2d 1280, 1285 (M.D. Fla. 2009), aff'd Croom v. Balkwill, 64 F.3d 1240 (11th Cir. 2011) (citing Smith v. Se. Stages, Inc., 479 F. Supp. 593, 594-95 (N.D. Ga. 1977)). "The court can then consider and rule upon the objections when it decides whether to grant the motion." Id. (citing Smith, 479 F. Supp. at 595.). Indeed, Plaintiff has submitted a response to NBOME's Motions. See Plaintiff's Omnibus Reply to Defendant's NBOME's Motion to Dismiss and Motion to Declare Plaintiff Vexatious [DE 50]. Rule 12(f) and Rule 11, however, do not support Plaintiff's request to strike NBOME's Motions without considering the merits.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Dr. Massood Jallali's Motion to Strike Defendant NBOME's Motion to Dismiss and Motion to Declare Plaintiff Vexatious [DE 42] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 30th day of July, 2012.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF