UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60548-CIV-COHN/SELTZER

DR. MASSOOD JALLALI,

     Plaintiff,

v.

NATIONAL BOARD OF OSTEOPATHIC
MEDICAL EXAMINERS, INC., and
ANTHONY SILVAGNI,

     Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on Defendant Dean Anthony Silvagni's Motion to Dismiss Plaintiff's Amended Complaint [DE 23] ("Silvagni's Motion to Dismiss") and Defendant National Board of Osteopathic Medical Examiners, Inc.'s ("NBOME's") Motion to Dismiss Plaintiff's Amended Complaint [DE 36] ("NBOME's Motion to Dismiss") (together, "Motions to Dismiss"). The Court has considered the Motions to Dismiss, Plaintiff Dr. Massood Jallali's Responses [DE's 31, 50], Dean Silvagni's Reply [DE 39], and NBOME's Reply [DE 51]. The Court has also considered Dean Silvagni's Motion to Declare Massood Jallali a Vexatious Litigant [DE 14] ("Silvagni's Motion to Declare"), Defendant NBOME's Motion to Declare Massood Jallali a Vexatious Litigant [DE 38] ("NBOME's Motion to Declare") (together, "Motions to Declare Plaintiff Vexatious"), Plaintiff's Responses [DE's 25, 50], Dean Silvagni's Reply [DE 28], NBOME's Reply [DE 51], the record in this case, and is otherwise fully advised in the premises.

**I. BACKGROUND**

On March 28, 2012, Plaintiff Massood Jallali, a doctor of podiatry, filed this action against Defendants National Board of Osteopathic Medical Examiners, Inc. ("NBOME") and Anthony Silvagni, the Dean of the College of Osteopathic Medicine at Nova Southeastern University and a former consultant for the NBOME.  See Complaint [DE 1]; Amended Complaint [DE 20] ¶ 19.  According to the Amended Complaint, the NBOME administers the COMLEX-USA test, which is required for medical licensure in all 50 jurisdictions of the United States.  Am. Compl. ¶ 12. Plaintiff sat for two COMLEX tests administered by the NBOME, the COMLEX I and II.  Id. ¶ 9.

The Amended Complaint alleges that, although the NBOME was "required to maintain for a period of not less than five years an accurate record of the examination questions, answers, scores, and grading keys for each Comlex series examination administered," id. ¶ 24, the NBOME "intentionally destroyed the exam sheets and other original test materials that consisted of the Comlex I and II tests [that Plaintiff] completed," id. ¶ 26.  Plaintiff claims that Linjun Shen, Ph.D. admitted to the destruction of this evidence in his deposition taken in Jallali v. National Board of Osteopathic Medical Examiners, Inc., Case No. 08-009773 CACE 25, in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.  Id. ¶¶ 7, 25-27.

Based on his allegations that the NBOME and Dean Silvagni improperly destroyed his testing records, Plaintiff brings the following claims: negligent spoliation of evidence against the NBOME (Count I); obstruction of justice against the NBOME (Count II); conspiracy to violate civil rights against the NBOME and Dean Silvagni (Count III); civil conspiracy against the NBOME and Dean Silvagni (Count IV); and

2

negligent supervision against the NBOME (Count V).

On May 1, 2012, Dean Silvagni filed his Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  See Silvagni's Motion to Dismiss.  On May 22, 2012, the NBOME joined Dean Silvagni's Motion to Dismiss and filed its own Motion to Dismiss pursuant Rules 12(b)(6), 12(b)(3), and 12(b)(1).  See NBOME's Motion to Dismiss.  Both Defendants argue that the Amended Complaint must be dismissed in its entirety because the sole basis for federal subject matter jurisdiction is Plaintiff's claim for conspiracy to violate civil rights under 42 U.S.C. § 1983 (Count III), and this claim must be dismissed as a matter of law because state action does not exist.  See Silvagni's Motion to Dismiss at 2; NBOME's Motion to Dismiss at 2.  Even if the Court did have jurisdiction, Defendants contend that the conspiracy claims (Counts III and IV) must be dismissed as a matter of law because Plaintiff fails to state a claim on those counts, and the NBOME contends that the negligent spoliation claim (Count I) must be dismissed because it is fatally flawed.  See Silvagni's Motion to Dismiss at 2; NBOME's Motion to Dismiss at 2.  The NBOME also asserts that Plaintiff is enjoined from bringing the instant matter in this venue pursuant to a judgment from Marion County, Indiana Circuit Court case number 49C010802PI008849, which enjoined Plaintiff from bringing, prosecuting, or continuing any claim against the NBOME in any court other than a court in Marion County, Indiana.  See NBOME's Motion to Dismiss at 2.  Finally, the NBOME argues that Plaintiff's claims are precluded by *res judicata* based upon Broward County Circuit Court case number 98-9773CACE25, in which Plaintiff filed suit against the NBOME based on the same nucleus of operative facts as this case.  Id. at 2-3. Plaintiff opposes dismissal. See Responses to Motions to Dismiss.

## II. DISCUSSION

As explained below, the Court finds that Plaintiff's claim for conspiracy to violate civil rights under § 1983 (Count III), cannot survive as a matter of law and must be dismissed with prejudice.  Because this claim is the only basis for federal subject matter jurisdiction in this case, the Court will dismiss without prejudice the remaining state law claims.  Therefore, the Court will not reach the remaining arguments for dismissal, and Plaintiff will be free to pursue his state law claims in a state forum.  Finally, because Plaintiff will be able to refile his remaining state law claims, the Court will decline to grant the relief sought in Defendants' Motions to Declare Plaintiff Vexatious.

### A. Conspiracy to Violate Civil Rights Under 42 U.S.C. § 1983
### Count III

In his only federal claim, Plaintiff alleges conspiracy to violate civil rights under 42 U.S.C. § 1983.  See Am. Compl. ¶¶ 53-61.  Defendants seek to dismiss this claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### 1. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly,

4

550 U.S. 544, 545 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the complaint as true, and accept all reasonable inferences therefrom.  Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### 2. Plaintiff Fails to State a Claim under § 1983

To state a claim under § 1983, a plaintiff must allege (1) "that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States," and (2) "that the defendant acted 'under color of law.'"  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); see also Motes v. Myers, 810 F.2d 1055, 1058 (11th Cir. 1987); Gilbert v. Sears, Roebuck & Co., 899 F. Supp. 597, 599 (M.D. Fla. 1995); 42 U.S.C. § 1983.  The second element generally requires that state action exist, and not private action.  See Gilbert, 899 F. Supp. at 599.  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  Defendants both argue that Plaintiff has not and cannot allege state action.

"The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion

5

test, and the nexus/joint action test." Harvey, 949 F.2d at 1130; see also Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). Plaintiff appears to rely exclusively on the public function test. See Am. Compl. ¶¶ 10-15; Resp. at 3. However, as explained below, Plaintiff does not meet the public function test, nor does he meet either of the other tests.

### a. Public Function Test

The public function test requires that "the private parties performed a public function that was traditionally the exclusive prerogative of the State." Rayburn, 241 F.3d at 1347; see also Langston By & Through Langston v. ACT, 890 F.2d 380, 384 (11th Cir. 1989). "The Supreme Court has emphasized that a mere showing that a private person performs a public function is not enough to establish state action." Langston, 890 F.2d at 384 (citation omitted). "Instead, state action may be found only where the plaintiff is alleging that the private entity violated his constitutional rights while exercising 'some power delegated to it by the State which is traditionally associated with sovereignty.'" Allocco v. City of Coral Gables, 221 F. Supp. 2d 1317, 1374 (S.D. Fla. 2002), aff'd, 88 F. App'x 380 (11th Cir. 2003); see also Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982) ("our holdings have made clear that the relevant question is not simply whether a private group is serving a 'public function.' We have held that the question is whether the function performed has been traditionally the exclusive prerogative of the State."). In other words, "the public function analysis requires a plaintiff to demonstrate that the specific alleged unconstitutional actions constitute actions which are 'traditionally the exclusive prerogative of the [the federal government].'" Campbell v. Civil Air Patrol, 131 F. Supp. 2d 1303, 1312 (M.D. Ala. 2001) (quoting Nat'l Broad. Co.

v. Comm'cns Workers of Am., 860 F.2d 1022, 1026 (11th Cir. 1988)). "While many functions have been traditionally performed by governments, very few have been 'exclusively reserved to the State.'" Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 158 (1978).

According to the Amended Complaint, "NBOME held an agreement . . . with the Florida Department of Health . . . to administer the Comlex I and II examinations," Am. Compl. ¶ 10, and "NBOME has held a similar Agreement with the State of Florida for more than ten years prior to the filing of the complaint," id. ¶ 11. Plaintiff attaches Agreement #144 [DE 20 at 14-26] to his Amended Complaint. He argues that this agreement "clothed the NBOME with powers to act possessed by virtue of State contract." Resp. at 3. The Amended Complaint also alleges, "The States delegate the privilege of testing the fitness of potential physicians to NBOME, whereas the states would otherwise be administering such tests." Am. Compl. ¶ 14. In his Response to Dean Silvagni's Motion to Dismiss, Plaintiff expands upon this allegation to argue that "NBOME is responsible for performing state action in the area of testing individuals who seek to become doctors," Resp. at 3, and "Florida would be forced to perform this state function itself, [ ] but for the special contract and right it bestows upon NBOME," id. Plaintiff thus concludes, "NBOME is the arm of the state, carrying out the functions, duties and responsibilities of the State of Florida." Id.

Plaintiff's allegations do not meet the public function test. As an initial matter, Agreement #144 is insufficient to allege state action for two reasons. First, on its face, Agreement #144 is inapplicable to this lawsuit, because the agreement applies to the COMVEX-USA exam, not the COMLEX I and II exams which Plaintiff took. Compare

7

Agreement #144 at 1 of 12 ("the PROVIDER will prepare, administer and grade the Comprehensive Osteopathic Medical Variable Purpose Examination – USA (COMVEX-USA)") with Am. Compl. ¶ 9 ("Plaintiff . . . sat for the Comlex I and II examinations . . ."). There are no allegations in the Amended Complaint relating to the COMVEX-USA exam. Second, even if Agreement #144 applied to the correct exam, the mere existence of a contract is insufficient to establish state action for a § 1983 claim. As the United States Supreme Court has explained, "Acts of [ ] private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts." Rendell-Baker, 457 U.S. at 841. Therefore, Agreement #144 does not provide a basis for Plaintiff's § 1983 claim.[1]

Furthermore, the NBOME was not performing a public function traditionally associated with state sovereignty or exclusively the prerogative of the State of Florida.

---

[1] Plaintiff also attaches Agreement # 120 [DE 31 at 8-27] to his Response to Dean Silvagni's Motion to Dismiss. Agreement #120 is not properly before the Court for consideration of these Motions to Dismiss as it does not form part of the Amended Complaint. To survive a motion to dismiss, the complaint itself must contain sufficient factual matter to state a plausible claim. See Iqbal, 556 U.S. at 678. Although "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment," Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002), the document may only be considered if it is "(1) central to the plaintiff's claim; and (2) undisputed," id. Plaintiff does not show that the document is central to his claim or that it is undisputed. Indeed, Defendants dispute the agreement for the same reasons they dispute Agreement #144.

Even if the document were properly before the Court on consideration of these Motions to Dismiss, the Court finds that Agreement #120 does not show state action for the same reasons as Agreement #144. First, Agreement #120 also applies to the COMVEX-USA exam, and not the COMLEX I and II exams. See Agreement #120 at 1 of 20 ("PROVIDER will, with its subcontractor, be asked to prepare, provide and score the Comprehensive Osteopathic Medical Variable Purpose Examination-USA (COMVEX-USA)"). Second, the sole fact that the NBOME has entered into a public contract with the State of Florida does not render the NBOME a state actor. See Rendell-Baker, 457 U.S. at 841.

Federal courts nationwide, including within the Eleventh Circuit, have held that testing, test score reporting, and the evaluation and accreditation of medical education are not traditional or exclusive state functions.  See Langston, 890 F.2d at 384-85 (finding ACT is not a state actor under the public function test even though it takes on the public function of administering tests that public and private institutions rely on to evaluate students for admissions); Sammons v. Nat'l Comm'n on Certification of Physician Assistants, Inc., 104 F. Supp. 2d 1379, 1383-84 (N.D. Ga. 2000) (holding NCCPA, which administers nationwide testing and certification program for physician assistants, is not a state actor); see also Johnson v. Educ. Testing Serv., 754 F.2d 20, 24 (1st Cir. 1985) (finding ETS, which administers national admissions test for law school applicants and tests teachers for state licensing decisions, is not a state actor).

For instance, in a case addressing whether another board of medical examiners, similar to the NBOME, was a state actor for § 1983 purposes, one court held as follows:

> Neither NBME nor MRAC is performing an activity left solely to the state. Testing and test score reporting are not tasks left solely to the state.  See Metzger v. Nat'l Comm'n of Certification of Physician Assistants, No. 00-4823, 2001 WL 76331, at *3 (E.D. Pa. Jan. 26, 2001); see also Johnson v. Educ. Testing Serv., 754 F.2d 20, 25 (1st Cir. 1985) ("[T]he formulation, grading, and reporting of standardized tests is not an exclusive public function.").  More broadly, the Third Circuit Court of Appeals has concluded that "[t]he evaluation and accreditation of medical education in this country is neither a traditional nor an exclusive state function."  McKeesport Hosp. v. The Accreditation Council for Graduate Med. Educ., 24 F.3d 519, 525 (3d Cir. 1994).  Neither entity is empowered to license physicians, a task left to the State of Maryland.

Boggi v. Med. Review & Accrediting Council, No. 08-4941, 2009 WL 2951022 (E.D. Pa. Sept. 15, 2009), aff'd on other grounds, 415 F. App'x 411 (3d Cir. 2011).  Like the NBME and MRAC, the NBOME is not empowered to license physicians, a task left to

9

the State of Florida.  See Chapter 456, Florida Statutes ("Health Professions and Occupations").  Therefore, Plaintiff does not plead state action under the public function test, nor can he plead state action under this test.

### b. State Compulsion Test

The state compulsion test asks whether "the State has coerced or at least significantly encouraged the action alleged to violate the Constitution." Rayburn, 241 F.3d at 1347.  There are no allegations in the Amended Complaint that the State of Florida coerced or otherwise encouraged the NBOME or Dean Silvagni to violate the Constitution.  As Defendants note, the Amended Complaint does not include any facts alleging that the State of Florida had any involvement in the alleged test record destruction.  Plaintiff does not contend otherwise.  Therefore, Plaintiff does not plead state action under the state compulsion test.

### c. Nexus/Joint Action Test

The nexus/joint action test applies when "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]." Rayburn, 241 F.3d at 1347.  Under this test, "the governmental body and private party must be intertwined in a 'symbiotic relationship,'" and "the symbiotic relationship must involve the alleged constitutional violation." Id. at 1348 (quoting Nat'l Broad. Co. v. Comm'cns Workers of Am., 860 F.2d 1022, 1026-27 (11th Cir. 1988) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 357 (1974)) and citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 51 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982))).  There are no allegations in the Amended Complaint that the State of Florida was involved in the alleged test record destruction, let alone that it

10

jointly engaged in the alleged destruction with the NBOME and Dean Silvagni. Plaintiff does not contend otherwise. Therefore, Plaintiff does not plead state action under the nexus/joint action test.

Because Plaintiff fails to allege state action under any of the three tests, he fails to state a claim for violation of civil rights under § 1983. Moreover, the Court finds that any other attempts to amend the complaint to allege state action will be futile, as the NBOME and Dean Silvagni are private actors. Indeed, Plaintiff already attempted to amend his complaint to allege state action after reviewing Dean Silvagni's First Motion to Dismiss, but his attempt proved futile. Accordingly, Plaintiff's § 1983 claim will be dismissed with prejudice.

## B. Remaining State Law Claims

None of the remaining claims provide a basis for federal subject matter jurisdiction. Therefore, Defendants seek to dismiss the remaining state law claims for lack of subject matter jurisdiction.[2]

Federal courts are courts of limited jurisdiction. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). Federal subject matter jurisdiction exists only when a controversy involves diversity of citizenship between the parties or a question of federal law. See 28 U.S.C. §§ 1331-1332.

The instant case does not involve diversity jurisdiction because complete

---

[2] Plaintiff makes no arguments as to why his remaining law claims should not be dismissed for lack of subject matter jurisdiction. See Responses to Motions to Dismiss.

11

diversity does not exist.  See 28 U.S.C. § 1332; see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994) (diversity jurisdiction requires complete diversity); see also Am. Compl. ¶ 4 (alleging Plaintiff is a Florida citizen); Dean Silvagni's First Motion to Dismiss [DE 10] ("Dean Silvagni is, and was at the time Jallali's complaint was filed, a citizen of the State of Florida"); Affidavit of Anthony Silvagni, Exhibit A to Dean Silvagni's First Motion to Dismiss [DE 10 at 13] ¶ 3 (stating he is a "full-time resident of the State of Florida," he "reside[s] in Broward County, Florida, and [has] resided in Florida since 1998.").  Although Plaintiff originally alleged federal question jurisdiction over his § 1983 claim and supplemental jurisdiction over his state law claims, see Am. Compl. ¶ 1, the Court has now determined that the § 1983 claim must be dismissed.  Therefore, there is no remaining basis for original jurisdiction over this case.

A "district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Indeed, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004).  Further, "considerations of practicality and comity counsel that a state judge is best equipped to resolve state claims." Eagletech Commc'ns Inc. v. Citigroup, Inc., No. 07-60668-CIV, 2008 WL 3166533, at *17 (S.D. Fla. June 27, 2008) (citation omitted).  Therefore, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will dismiss these claims without prejudice.  Plaintiff will be permitted to pursue relief on these claims in a state forum.

## C. Motions to Declare Plaintiff Vexatious

Finally, Defendants have each filed a Motion to Declare Plaintiff a Vexatious Litigant.  See Silvagni's Motion to Declare; NBOME's Motion to Declare.  Defendants note that Plaintiff has filed multiple lawsuits against the NBOME and Nova Southeastern University ("NSU") and its officials arising from his dismissal as a student from NSU's College of Osteopathic Medicine after failing to pass the COMLEX-USA II examination.  See Silvagni's Motion to Declare at 1; NBOME's Motion to Declare at 1.  Defendants write that Plaintiff "has not ultimately prevailed in a single one of the above lawsuits, and every recent Jallali lawsuit has been dismissed at the motion to dismiss stage chiefly because Jallali cannot provide factual support for his claims or because they are barred by *res judicata*," Silvagni's Motion to Declare at 3; NBOME's Motion to Declare at 3, yet he continues to file lawsuits such as the instant one.  Both Defendants seek an Order declaring Plaintiff a vexatious litigant and imposing certain court intervention either barring him from filing lawsuits against Defendants, requiring him to seek leave of court before filing lawsuits against Defendants, or requiring him to satisfy the judgments for costs and fees that the NBOME and NSU have secured against him before filing future lawsuits against Defendants.  See Silvagni's Motion to Declare at 11; NBOME's Motion to Declare at 14.  Plaintiff opposes the relief sought.  See Responses to Motions to Declare.

Though the Court recognizes that the obligation to defend multiple lawsuits based on the same facts or related facts imposes a burden on Defendants' time and resources, at this time, the Court declines to grant the Motions to Declare Plaintiff Vexatious.  Because the Court has dismissed only one of Plaintiff's claims and found

13

that it lacks subject matter jurisdiction over the remaining claims, Plaintiff will be free to refile the remaining claims in state court. Accordingly, if Defendants wish to continue pursuing court intervention to prohibit Plaintiff from filing future lawsuits or compel him to satisfy previous judgments from other courts, Defendants might consider seeking such relief in state court or in the courts that rendered the judgments for costs and fees.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant Silvagni's Motion to Dismiss Plaintiff's Amended Complaint [DE 23] and Defendant NBOME's Motion to Dismiss Plaintiff's Amended Complaint [DE 36] are **GRANTED**;

2. Count III of the Amended Complaint [DE 20] is **DISMISSED with prejudice**, and Counts I, II, IV, and V of the Amended Complaint [DE 20] are **DISMISSED without prejudice** for lack of subject matter jurisdiction;

3. Defendant Silvagni's Motion to Declare Massood Jallali a Vexatious Litigant [DE 14] and Defendant NBOME's Motion to Declare Massood Jallali a Vexatious Litigant [DE 38] are **DENIED without prejudice**;

4. All pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 2nd day of August 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF