UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60548-CIV-COHN/SELTZER

DR. MASSOOD JALLALI,

    Plaintiff,

v.

NATIONAL BOARD OF OSTEOPATHIC
MEDICAL EXAMINERS, INC., and
ANTHONY SILVAGNI,

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) [DE 56] ("Motion for Reconsideration"). The Court has considered the Motion for Reconsideration, Plaintiff's Motion for Hearing [DE 57], Defendant Anthony Silvagni's Memorandum in Opposition [DE 58], Defendant National Board of Ostepathic Medical Examiners, Inc.'s Response [DE 59], and is otherwise fully advised in the premises.

### I. BACKGROUND

On March 28, 2012, Plaintiff Massood Jallali brought an action against Defendants Anthony Silvagni and National Board of Osteopathic Medical Examiners, Inc. ("NBOME"). See Complaint [DE 1]; Amended Complaint [DE 20]. In the Amended Complaint, Plaintiff brought four state law claims, and one claim alleging conspiracy to violate Plaintiff's civil rights under 42 U.S.C. § 1983. The Court entered an Order on August 2, 2012, granting Defendant Dean Anthony Silvagni's Motion to Dismiss Plaintiff's Amended Complaint and

Defendant NBOME's Motion to Dismiss Plaintiff's Amended Complaint.  See Order of Dismissal [DE 55].  In granting those Motions to Dismiss, the Court found that Plaintiff had failed to state a claim under 42 U.S.C. § 1983, and dismissed the claim with prejudice.  See id. at 11.  Because the parties were not completely diverse – both Silvagni and Plaintiff are Florida citizens – and the § 1983 allegation provided the Court's only basis of subject-matter jurisdiction, the Court dismissed the four state law claims without prejudice to Plaintiff bringing those claims in state court.  See id. at 12.

In his Motion for Reconsideration, Plaintiff contends that he should be granted leave to amend his Amended Complaint to remove Silvagni as a defendant to this action.  Plaintiff asserts that he could then proceed against NBOME in diversity.  DE 56 at 2.  Defendants oppose the Motion.

## II.  ANALYSIS

A motion for reconsideration under Fed. R. Civ. P. 59(e) is made for the purposes of correcting manifest errors of law or fact or presenting newly discovered evidence. Burger King Corp. v. Ashland Equities, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Reconsideration of an order is "an extraordinary remedy to be employed sparingly." Gathagan v. Rag Shop / Hollywood, Inc., No. 04-805200-CIV, 2005 WL 6504749 at *1 (S.D. Fla. May 9, 2005) (quoting Sussman v. Salem, Saxon, & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)).

The three grounds that would justify reconsideration are "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Burger King, 181 F. Supp. 2d, at 1369.  However, a motion for reconsideration cannot be used "to relitigate old matters, raise arguments or

present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); see also In re Mathis, 312 B.R. 912, 914 (Bankr. S.D. Fla. 2004) (Rule 59(e) motion not meant to permit the "arguing of issues and procedures that should have been raised prior to judgment.").

Here, Plaintiff has not pointed to any change in controlling law, has not submitted new evidence to the Court, and has not contended that the Court made a legal or factual error in its previous Order. Rather, he has asked the Court to vacate the Order to allow him to remove Silvagni as a defendant, and then proceed in a diversity action against NBOME. Plaintiff had every opportunity to amend his pleadings to remove Silvagni as a defendant in the earlier stages of this litigation. In fact, as NBOME notes in its Response to this Motion, Plaintiff was aware of the strategic risk he took in keeping Silvagni as a defendant to this action. See DE 59 at 6. Plaintiff's initial Complaint averred both federal question and diversity jurisdiction. See Compl. [DE 1 at 1]. Silvagni then argued in his Motion to Dismiss Plaintiff's Complaint that diversity jurisdiction did not exist because both Plaintiff and Silvagni were Florida citizens. See Anthony Silvagni's Mot. to Dismiss Pl.'s Compl. [DE 10 at 2]. Nonetheless, Plaintiff maintained his claims against Silvagni in his Amended Complaint, and removed his assertion of diversity jurisdiction.

Plaintiff could have sought leave to amend his pleadings to enable him to argue diversity jurisdiction before this Court's Order of Dismissal [DE 55] was entered. He did not. Plaintiff has not met the narrow scope of reconsideration under Rule 59(e). The Court will not allow Plaintiff a second bite at the apple to take procedural steps that he should have taken before the Order of Dismissal was made. See Mincey v. Head, 206

F.3d 1106, 1137 n. 69 (11th Cir. 2000) (quoting In re Halko, 203 B.R. 668, 671-72 (Bankr. N.D. Ill. 1996).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) [DE 56] is **DENIED**. Furthermore, Plaintiff's Motion for Hearing [DE 57] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of September 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF